JUDGE KEENAN

Amelia A. Cottrell
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0181

14 CV          3655

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAY 22 2014
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : ECF CASE |
| GLENN COHEN, | : |
| CRAIG COHEN, | : COMPLAINT AND |
| MARC I. COHEN, | : JURY DEMAND |
| STEVEN A. COHEN, and | : |
| LAURIE G. TOPAL, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint

against defendants Glenn Cohen ("Glenn"), Craig Cohen ("Craig"), Marc Cohen

("Marc"), Steven Cohen ("Steven"), and Laurie Topal ("Topal"), alleges as follows:

## SUMMARY

1.      This case involves insider trading by three relatives and one friend of

Glenn Cohen, a former member of the board of directors of NBTY, Inc.

2.      On or around May 21, 2010, Glenn obtained material nonpublic

information about NBTY while attending a meeting of the company's board of directors.

Specifically, Glenn learned that The Carlyle Group ("Carlyle"), a leveraged buyout firm, was negotiating to acquire NBTY.

3.      Within three trading days of Glenn learning of the negotiations between NBTY and Carlyle, his three brothers – as well as the girlfriend of one of those brothers – purchased shares of NBTY on the basis of this information, reaping profits totaling approximately $175,000 upon their subsequent sale following the public announcement of the acquisition.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

4.      The Commission brings this action pursuant to the authority conferred upon it by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)].  The Commission seeks a permanent injunction against the defendants, enjoining them from engaging in the transactions, acts, practices, and courses of business alleged in this Complaint, disgorgement of ill-gotten gains from the unlawful insider trading activity set forth in this Complaint, together with prejudgment interest, and civil penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] and the Insider Trading and Securities Fraud Enforcement Act of 1988.  The Commission also seeks an order barring defendant Glenn from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [ 15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [ 15 U.S.C. § 78o(d)].  Finally, the Commission seeks any other relief the Court may deem appropriate pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)].

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

6.      Venue lies in this Court pursuant to Sections 21(d), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u-1, and 78aa].  Two of the defendants reside and work in the Southern District of New York, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within the Southern District of New York.

## DEFENDANTS

7.      **Glenn,** age 54, resides in Woodbury, New York, and co-owns a landscaping business in Bellmore, New York with his brother Craig.  Glenn served on the board of directors of NBTY from 1988 until Carlyle's acquisition of the company was finalized in October 2010.   During the relevant period, Glenn received $70,000 in annual cash compensation for his service on NBTY's board as well as stock options grants.  In 2000, Glenn was named as a defendant in a putative class action complaint in the Eastern District of New York which alleged that he, along with other members of NBTY's board, had engaged in insider trading by selling company shares while aware of material misstatements contained in the company's financial reports.  The class action complaint was dismissed in 2002.

8.      **Craig,** age 53, resides in Melville, New York and co-owns a landscaping business in Bellmore, New York with his brother Glenn.

9.      **Marc**, age 59, resides in Mamaroneck, New York where he is the owner of a liquor store and where he shares a home with Topal.